

FILED

04/12/2022

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 21-0505

IN THE SUPREME COURT OF THE STATE OF MONTANA

DA 21-0505

IN RE THE ADOPTION OF:

L.E.R.G., A Minor Child.

NATHAN SCOTT KUFNER,

    Petitioner and Appellee,

    v.

JUSTIN A. SHIELDS, Father,

    Respondent and Appellant,

    and

TINA WOLFORD,

    Intervener and Appellant.

FILED

APR 1 2 2022

Bowen Greenwood
Clerk of Supreme Court
State of Montana

O R D E R

On March 8, 2022, this Court dismissed Appellants' appeal with prejudice for failure to comply with M. R. App. P. 13 and this Court's previous Order, dated January 14, 2022. On March 23, 2022, Appellants filed a "Motion to Allow Fair Filing of Opening Brief." We treat Appellants' motion as a petition for rehearing pursuant to M. R. App. P. 20(1)(a).

M. R. App. P. 20(1)(a) provides that a petition for rehearing will be considered only when the Court "overlooked some fact material to the decision," when "it overlooked some question presented by counsel that would have proven decisive to the case," or when "its decision conflicts with a statute or controlling decision not addressed" by the Court.

In their Petition, Appellants describe "some problems that prevented us from having the brief filed on time." Appellants request another opportunity to file their brief.

Prior to their appeal being dismissed, Appellants requested, and we granted, two extensions, one of which was granted after Appellants' opening brief was rejected for failure

to comply with this Court's rules. The most recent extension, granted on January 14, 2022, gave Appellants six additional weeks to file their opening brief. This Order explicitly warned Appellants: "No further extensions will be granted. Failure to file the brief within [the] time [allowed by the extension] will result in dismissal of this appeal with prejudice and without further notice. Appellants failed to file their brief within the extended time granted by this Court.[1]

Taking at face value Appellants' representations as to the problems they contend prevented them from filing their brief on time, this still does not absolve Appellants of their obligation to ensure their brief was filed in accordance with the Court's Order; nor does it absolve them of their obligation to communicate with the Court before the deadline rather than just ignore the Court's Order and file their brief late despite the Court's explicit warning that failure to timely file their brief "*will* result in dismissal of this appeal with prejudice and without further notice." (Emphasis added.)

Having fully considered Appellants' petition, we conclude rehearing is not warranted under the standards of M. R. App. P. 20(1)(a). Accordingly,

IT IS ORDERED that Appellants' petition for rehearing is DENIED.

The Clerk is directed to provide a copy of this Order to the Appellants and to all parties of record.

DATED this 12 day of April, 2022.

 

_____
Chief Justice

_____

_____

---

[1] Aside from being untimely, Appellants' brief again failed to comply with this Court's rules. Since the appeal was dismissed due to Appellants' failure to comply with the Court's deadline, the brief's noncompliance was moot.

_____

_____
Justices

3